The Vice-CiiawcemjOii.
I cannot find any case wherein *25 the testimony taken in a cause has been allowed to be used on a motion fordissolving an injunction. It would be going too far into the merits. Injunctions are very generally granted ex parte. This motion is founded upon the bill and the answer; and it must be decide<j,upon these only. I must reject the testimony. I am not desirous of making a precedent for the admission of it in this stage of a cause.
On this day the court gave the following opinion upon the motion to dissolve the injunction:
The Vice-Chancellor.
The grounds in favor of the motion for dissolving the injunction, and upon which the defendant resists the performance of the contract specifically, are, 1st. The neglect and refusal of the complainant, for several years, to give a deed. In other words, great delay, on the part of the complainant, in tendering a deed; and, 2d. That the complainant is deprived of the right to proceed for a specific performance, by the commencement of the action before the tender of the deed and the filing of the bill.
The first is endeavoured to be obviated and explained away by allegations in the bill, shewing that the execution of the deed was deferred for several years, at the request of Vandenburgh and Freeman; or, that the delay was assented to by them; and, that when they were ready to have the deed executed, a further delay took place in order to obtain actual 'surveys of the land, at the request of the defendant and Freeman, or by their express assent. These allegations are, however, very fully denied in the answer. And yet I apprehend there is too much ground left for equitable jurisdiction to authorize me to dissolve the injunction. Notwithstanding the denial that the delay took place at the request or by the assent of the defendant, there appears something very like an acquiesence in the delay from year to year, down to the month of July, 1830 : for, instead of acting upon the previous demands, refusals, or omissions of the complainant to give a deed, by a notice that they would not accept the lands but insist upon *26 the money and then following up that notice by the commencement of a suit for the recovery of it, the defendant goes on demanding a deed; then waits a length of time; and makes another demand. Thus, treating with the complainant as if the defendant was always ready to receive, and the complainant continually bound to convey, in pursuance of the contract. How far this course of proceeding may save the complainant from the consequences of the delay now complained of,, and enable him still to insist upon his right to give a deed, as he has been so often and so lately required to do by the defendant, is, at least, a question deserving of consideration, and which can only be properly determined after a hearing upon the pleadings and proofs in the cause.
2. The second point has, however, been urged as perfectly decisive, namely: that the commencement of the suit at law before the tender of the deed, and when the complainant was clearly in default, put an end to his right to force a deed upon the defendant, I have examined this point with some care, and looked into the authorities cited in support of it. It is undoubtedly true, that at law, the tender of a deed, or offer of performance after suit brought for the non-performance of the contract, would not take away the right to proceed with the suit or have the least effect or influence upon it. But there is no case which shows, that the commencement of such a suit at law is ipso facto a deprivation of the right to go into equity for leave to perform the contract. Indeed, the counsel for the defendant has not contended for the doctrine to that extent, but insists that, to give a right to file a bill in equity in a case like the present, after a suit brought at law, the party must show a positive agreement or consent to accept a deed, notwithstanding the delay; .and of which agreement the commencement of the suit at law would be a violation. I am not prepared to say, that the authorities to which I have been referred bear out this position. They seem to admit, that where some particular grounds of equity exist on behalf of the party breaking the contract, and which excuses the breach, and shows, according to the rules of equity, the contract ought, nevertheless, to be performed in specie, that there the court *27 •will entertain the bill. What those particular grounds of equity are, must be ascertained from the circumstances of each + * k case. Upon the whole, it is a matter which must rest very much in the discretion of the court. All cases of specific performance do so; and that discretion can only be exercised with propriety, after proofs have been taken and upon a full hearing of the cause.
It is unnecessary for me to go more fully into this case at present. There is enough to show that I ought not to dissolve the injunction, and leave the complainant exposed to the suit at law. The specific performance of contracts is a subject peculiarly within the jurisdiction of courts of equity; and following the example .of Lord Eldon, in Drewe v. Hanson, 6 Ves. 678, I cannot undertake to say, as the case is now presented, that “there is not a fair and reasonable question whether this contract may not be specifically executed.”
The injunction must be continued; the costs of this application to abide the event of the suit.